■ In the Matter of COTTAGE STREET ASSOCIATES, Respondent, v CITY OF BUFFALO DEPARTMENT OF COMMUNITY DEVELOPMENT et al., Appellants.— Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: Respondent Department of Community Development was created by the City of Buffalo to work with the United States Department of Housing and Urban Development (HUD) in the rehabilitation of deteriorated properties, including residential, in the city, and respondent was authorized, in conjunction with HUD, to approve loans for projects on properties "which will contain 4 or less dwelling units after rehabilitation". After HUD and respondent granted approval of loans on two of petitioner's properties and set the closing date, but before such date, the Common Council of the City of Buffalo adopted a resolution for investigation of respondent's actions in approving certain of such loans, including the one to petitioner, and requesting respondent to suspend granting or closing any such loan pending the investigation. Although respondent acknowledges that it had the power to close with petitioner despite the resolution, it declined to do so pending such investigation. In this article 78 proceeding petitioner has obtained judgment determining that respondents' action was arbitrary and capricious, annulling it and directing respondents to close by June 20, 1980. Although petitioner asserts that there is no evidence to support the resolution of the common council, the resolution does specify the name of an individual with whom respondent department has dealt in connection with HUD loans, and asserts that his record is "most questionable" and that respondent acted with a conflict of interest in authorizing these loans. The city's position is that there are other properties in the city in need of assistance under this program and it wishes at least to investigate whether proper judgment was exercised in authorizing these loans. Although respondent Commissioner of the Department of Community Development denies any impropriety on the part of the department or himself, he has determined not to close these loans pending the investigation. In the circumstances wherein public funds and public interests are involved, the court cannot hold that respondent acted arbitrarily or capriciously in deferring closing pending an investigation of such a serious charge. Special Term erred, therefore, in annuling the determination. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Cardamone, J. P., Simons, Hancock, Jr., Callahan and Witmer, JJ. (Order entered Sept. 16, 1980.)